**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                     No. 00-4099

KENYATA AUDREEN ROBY,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Rebecca B. Smith, District Judge.
(CR-99-46)

Submitted: July 14, 2000

Decided: August 24, 2000

Before MICHAEL and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David M. Tichanski, Hampton, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Robert E. Bradenham II, Assistant
United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Kenyata Audreen Roby appeals from his convictions and sentence imposed for possession with intent to distribute crack cocaine in violation of 21 U.S.C.A. § 841(a)(1) (West 1999), and carrying a firearm in relation to a drug trafficking offense in violation of 18 U.S.C.A. § 924(c) (West 2000). He challenges the district court's denial of his motion to suppress evidence, the sufficiency of the evidence, a jury instruction, and the obstruction of justice enhancement to his sentence. We affirm.

While conducting surveillance of the home of a suspected drug dealer, officers learned that the alleged dealer was expecting a delivery of crack cocaine that evening. The officers later observed two vehicles leave the residence. They followed the second one, which was registered to Roby. They observed that a license plate light was out on that vehicle and radioed a marked unit to conduct a traffic stop for the equipment violation and to inquire about drugs being sold from the residence under surveillance.

The deputy stopped Roby's vehicle, and the narcotics officers approached the vehicle from different sides. When Roby handed the deputy his license and registration, one of the narcotics officers observed that Roby was sitting on a pistol. The deputy ordered Roby out of the vehicle and handcuffed him. A loaded pistol, an extra magazine with seven rounds of ammunition, electronic scales, a cellular phone, and a pager were seized. Concealed in the driver's seat of the vehicle were approximately ten grams of crack cocaine and approximately twenty grams of marijuana. Roby had on his person $734 in cash. Roby was arrested, charged, and subsequently convicted of possession with intent to distribute crack cocaine and carrying a firearm in relation to a drug trafficking offense.

Roby first contends that the district court erred in denying his motion to suppress evidence discovered during the traffic stop, which Roby contends was invalid. He denies that a bulb was not illuminated and contends that if a bulb was burned out, this was not an equipment violation. The district court made a credibility determination that the

2

bulb was not illuminated. See United States v. Burgos, 94 F.3d 849, 868 (4th Cir. 1996).

The officers' observation that the license plate bulb was not illuminated gave them probable cause to believe that Roby's vehicle was in violation of the equipment code. See Whren v. United States, 517 U.S. 806, 810 (1996); United States v. Hassan El, 5 F.3d 726, 730-31 (4th Cir. 1993). Roby's claim that the stop was pretextual is irrelevant because the officer had an objective right to stop a vehicle. See Ohio v. Robinette, 519 U.S. 33, 38-40 (1996). Because the traffic stop was justified based on the equipment violation, we need not address whether the stop would be valid based only on the suspicion of narcotics activity.

Roby challenges the sufficiency of the evidence to support his convictions. Roby testified on his own behalf that he did not know the crack cocaine was in his seat. He presented a number of innocent explanations for his possession of the pager, cellular phone, firearm, and scales. He argues that the government did not prove either knowing possession or intent to distribute. However, there was testimony that the drugs were packaged in a manner for distribution and that the amount of crack cocaine discovered was unlikely for personal use. By its verdicts, the jury apparently rejected Roby's explanations and accepted the government witnesses' testimony. The jury's credibility determinations are not reviewable by this court. See United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). Construing the evidence in the light most favorable to the government, see Glasser v. United States, 315 U.S. 60, 80 (1942), we find that the verdicts are supportable. See Burgos, 94 F.3d at 868.

Roby's next contention is that the district court's instruction that the defendant must be convicted of the predicate drug offense in order to sustain a § 924(c)(1) conviction was plain error. Contrary to the instruction, a conviction on the predicate offense is not necessary for a conviction under § 924(c). See United States v. Rodriguez-Moreno, 526 U.S. 275, 280 (1999). However, because a conviction was returned on the underlying drug trafficking offense, the jury necessarily found that he committed the elements of the predicate offense, and Roby suffered no prejudice from any error in the instruction. See

3

United States v. Olano, 507 U.S. 725, 732 (1993) (providing standard for plain error review).

Lastly, Roby argues that the sentencing court erred in enhancing his sentence by two levels for obstruction of justice. The sentencing court made a factual finding that Roby's denial of knowledge of the cocaine was incredible. The court found that Roby committed perjury during his trial testimony. Roby contends that he did not. Because he failed to show that the court's factual finding was clearly erroneous, see United States v. Daughtrey, 874 F.2d 213, 217-18 (4th Cir. 1989), we uphold the two-level enhancement of Roby's sentence for obstruction of justice. See United States v. Dunnigan , 507 U.S. 87, 96 (1993).

In conclusion, we affirm Roby's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4